IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC J. BOKOR, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-0789 |
| | ) JUDGE CAMPBELL/KNOWLES |
| CITY OF HENDERSONVILLE, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On May 26, 2011, the undersigned entered an Order noting that there is no indication in the record that Summonses were ever issued for Defendants. Docket No. 10. That Order also stated:

> Within twenty (20) days of the date of entry of this Order, therefore, Plaintiff shall file a written statement showing good cause for his failure to serve Defendant [*sic*] within 120 days after the filing of the Complaint. If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice.

On June 14, 2011, Plaintiff filed a document headed "Extended period for Summon's." Docket No. 15. The body of that document states as follows:

> Am unable to get an attorney, my other attorney have withdrawn stating conflict of interest. Due to the Police Officer's involved have had to vacate were I lived for 16.5 years Because of Black Moled Contamination have just now got a place to live. Would appreciate any advice on Attourney Thank's Eric J. Bokor

Docket No. 15.[1]

Plaintiff filed this action on August 23, 2010. Docket No. 1. The "grounds for filing this case in Federal Court" were stated by Plaintiff as, "False Arrest, Civil Rights, TCA 29-20-205, Personal injury, False Statement." *Id.* Plaintiff named as Defendants the City of Hendersonville and Jackie Finley.

In the "Statement of Claim" section of his Complaint, Plaintiff stated as follows:

> On 8-24-09 my Rights were violated in Hendersonville, Sumner Co., T.N. See attached.

Docket No. 1, p. 2.

The attachment to Plaintiff's Complaint appears to be an "Affidavit of Complaint" seeking an arrest warrant for Plaintiff. The Affidavit itself states as follows:

> On 8-24-09 the Defendant admitted to your Affiant that he forged the name Lisa on a document. This occurred at 71-B New Shackle Island Road, Hendersonville, Tn Sumner County. This officer obtained the forged document on 8-24-09. The Defendant Eric Boker [*sic*] works for Out Post Pawn at 71B New Shackle Road.

Docket No. 1-1, p. 2.

The Affidavit was executed by Jackie Finley.

Plaintiff has failed to comply with the Court's Order entered May 26, 2011. He has not shown good cause for his failure to serve Defendants within 120 days after the filing of the Complaint. His statement concerning his "other attorney" having withdrawn is unclear, because he has never been represented by an attorney in the instant action, at least insofar as the record shows. While he states that he "just now got a place to live," his address between September 7,

---

[1] The document also contains a telephone number.

2010, and at least June 6, 2011, has remained the same. See Docket Nos. 7, 14. Thus, the fact that Plaintiff has only recently gotten a place to live does not explain his failure to obtain process and serve it upon Defendants for approximately ten (10) months.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to follow the Court's prior Order.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge